TIMOTHY COURCHAINE
United States Attorney
District of Arizona
ADAM D. ROSSI
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email: adam.rossi2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>        vs.<br><br>Maurice Charles Person Jr.,<br><br>                    Defendant. | 4:24-cr-07812-RM-1<br><br>SENTENCING<br>MEMORANDUM |

Plaintiff, United States of America, by its attorneys, TIMOTHY COURCHAINE, United States Attorney, and ADAM D. ROSSI, Assistant United States Attorney, hereby submit its sentencing memorandum in the above-captioned matter. The sentencing hearing is currently scheduled for June 16, 2025, before the Honorable United States District Court Judge Rosemary Márquez.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    FACTS AND PROCEDURAL HISTORY**

In this case, the defendant has minimal criminal history. Presentence Report, Doc. 43, hereinafter "PSR," ¶¶ 30-32, 35-39. The defendant does have concerning pending criminal conduct, including active failure to appear warrants out of Minnesota, Florida (Obstructing or Resisting Officer Without Violence), and California (Prowling). PSR ¶¶ 36-38. The defendant is also currently in a misdemeanor diversion program in San Diego County, CA, for a Obstruct or Resist Officer with Force or Fear charge. PSR ¶ 35.

While the defendant has a short criminal history, the defendant's conduct in this

case is very concerning. On September 17, 2024, Bureau of Alcohol Tobacco, Firearms, and Explosives (ATF) special agents received a referral regarding two firearm purchases by the defendant. PSR ¶ 4. On August 8, 2024, the defendant had completed ATF Form 4473, Firearms Transaction Record, in order to purchase a Glock model 22, .40 caliber pistol, from James 410 LLC, a federal firearms licensee located in Tucson, AZ. *Id*. Person indicated on the ATF Form 4473 that his current address was 24820 North 16th Avenue, Suite 115, Phoenix, AZ, 85085. *Id*. Also, on question 21 of the ATF Form 4473, "Are you a fugitive from justice?," the defendant checked "No." *Id*. The defendant's FBI National Instant Criminal Background Check System (NICS) check was "Delayed," and the defendant obtained the Glock pistol on August 14, 2024. *Id*.

On September 4, 2024, Person completed another ATF Form 4473, in order to purchase a Draco NAK9, 9mm caliber pistol, from Casa Pawn, a federal firearms licensee located in Tucson, AZ. PSR ¶ 5. Person again indicated on the ATF Form 4473 that his current address was 24820 North 16th Avenue, Suite 115, Phoenix, AZ, 85085, and that he was not a fugitive from justice. *Id*. The defendant's NICS check was again delayed, and the defendant obtained the Draco pistol on September 11, 2024. *Id*.

On September 13, 2024, the FBI NICS Unit determined that the defendant had two failure to appear warrants (Minnesota and Florida), and should have been denied the sale of the firearms. PSR ¶ 6. According to NICS, the defendant missed multiple court dates, and was aware of his criminal obligation. *Id*.

An ATF special agent contacted the defendant following the referral from NICS, and the defendant claimed that the firearms were at the address he listed on the ATF Form 4473, which is a business, and claimed to have moved to Chicago. PSR ¶ 7. When confronted that his story didn't make sense, the defendant hung up on the agent. *Id*. The defendant then later claimed to have sold the firearms. *Id*. The business listed confirmed that no one lived at that address, as it is a business, and that the defendant was a former employee. PSR ¶¶ 10-11.

- 2 -

On October 7, 2024, agents obtained a federal arrest warrant for the defendant, and the next day he was contacted regarding a domestic violence incident in Tucson and was arrested. PSR ¶ 12. The defendant thereafter contacted his girlfriend, and instructed her to turn over the firearms to agents. *Id*. On October 9, 2024, the girlfriend turned the firearms over to special agents, and she confirmed the defendant was living with her for the past two months, and that she was present when he purchased the Draco pistol. PSR ¶ 13.

## II.    APPLICABLE GUIDELINE CALCULATIONS

The government agrees with the sentencing guideline calculations as set forth in the Presentence Investigation Report. The defendant's total criminal history score of zero results in a criminal history category of I. PSR ¶ 34. As to the offense level computation, the defendant pled guilty to Counts One and Two of the Indictment, which alleges the defendant violated Material False Statement During the Purchase of a Firearm, in violation of 18 U.S.C. § 922(a)(6), 18 U.S.C. § 924(a)(2). PSR ¶¶ 1 and 2. Accordingly, the base offense level is 14, as the defendant was a prohibited person at the time of the offense, pursuant to U.S.S.G. § 2K2.1(a)(6)(A). PSR ¶ 19. Two levels are subtracted pursuant to U.S.S.G. §§ 3E1.1(a) for acceptance of responsibility, for a total offense level of 12. PSR ¶¶ 26-27. Together with the defendant's Criminal History Category of I, the advisory sentencing guideline range is 10 to 16 months imprisonment.  PSR ¶ 83. Pursuant to the plea agreement, any term of imprisonment is not to exceed the low-end of the guideline range, here 10 months imprisonment. *Id*.

## III.    GOVERNMENT'S SENTENCING RECOMMENDATION

 The government requests that this Court sentence the defendant to 10 months, concurrent as to each count, pursuant to the cap of the plea agreement. The government believes this sentence appropriately reflects the severity of the offense and the individual characteristics of the defendant.

The defendant's offense in this case is very serious. The defendant knew he was a fugitive from justice when he purchased the firearms, and knowingly used the address of

his former employer on the 4473 form. The defendants actions placed the community, and himself, at risk, and the sentence should reflect that. Therefore, consistent with the Rule 11(c)(1)(C) plea agreement, a sentence capped at the low end of the applicable guideline range is appropriate, as it is the balance between the defendant's behavior and the defendant's personal characteristics.

## IV.    CONCLUSION

For the reasons stated above, and based on the nature of this serious offense and the defendant's role within it, a sentence of 10 months concurrent as to each count is appropriate. Therefore, the government would request the Court accept the defendant's plea of guilty, and impose the recommendations of Probation, including a term of imprisonment of 10 months, per the plea agreement, to be followed by 3 years supervised release.

Based upon the nature of the current offense and the criminal history of the defendant, the sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

Respectfully submitted this 11th day of June, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

s/ Adam D. Rossi
ADAM D. ROSSI
Assistant U.S. Attorney

Copy of the foregoing served electronically or by
other means this 11th day of June, 2025, to:

Guenevere D. Nelson-Melby, Esq.,
Attorney for Defendant